**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**COREY E. TURNER, SR.**
**#28354-044**                                                                                            **PETITIONER**

**v.**                                                  **Case No. 2:25-cv-00141-KGB**

**DOE**                                                                                                   **RESPONDENT**

## ORDER

Before the Court are the Proposed Findings and Recommended Disposition ("Recommendation") of United States Magistrate Jerome T. Kearney (Dkt. No. 14). Petitioner Corey E. Turner, Sr., filed objections to the Recommendation (Dkt. No. 15). After careful review of the Recommendation and the objections, and after a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 14). The Court denies Turner's 28 U.S.C. § 2241 petition for writ of *habeas corpus* and dismisses with prejudice Turner's petition for lack of subject matter jurisdiction (Dkt. No. 1). The Court also denies Turner's request for a hearing (Dkt. No. 8).

The Court writes to address Turner's objections (Dkt. No. 15). Turner argues that the Recommendation should not be adopted because the Recommendation does not grapple with exhaustion (Dkt. No. 15, at 1). Turner argues that, under *Ross v. Blake*, 578 U.S. 632 (2016), his failure to exhaust administrative remedies should be excused because those remedies were unavailable to him.

Turner's exhaustion arguments are not responsive to the Recommendation. While respondent Warden C. Humphrey's response raised exhaustion of administrative remedies as a basis for dismissal, the Recommendation turns solely on whether Turner's petition is cognizable under 28 U.S.C. § 2241 (Dkt. No. 14, at 3–5; *see also* Dkt. No. 10, at 2–8). Turner's response

does not argue that the Recommendation is incorrect about *habeas* subject matter jurisdiction. Because the Recommendation's grounds for denial are based upon *habeas* subject matter jurisdiction and not exhaustion, the Court finds Turner's objections unconvincing.  The Court overrules Turner's objections.

With respect to Turner's motion for a hearing, under 28 U.S.C. § 2243, "[a] court, justice or judge entertaining an application for a writ of habeas corpus" must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief.  *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).  Here, this Court lacks jurisdiction over Turner's 28 U.S.C. § 2241 petition.  As a result, Turner falls within the exception to § 2243's mandatory hearing requirement.

Thus, after careful consideration of the Recommendation, Turner's objections, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety.  The Court denies Turner's petition for writ of *habeas corpus* and dismisses with prejudice Turner's petition (Dkt. No. 1).  The Court also denies Turner's request for a hearing (Dkt. No. 8).

It is so ordered this 3rd day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge

2